# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> MERIX PHARMACEUTICAL CORP., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL** <br><br> Case No. 2:05-mc-436-TS-DN <br> District Judge Ted Stewart <br><br> Magistrate Judge David Nuffer |

This case arises out of a dispute between two pharmaceutical manufacturers regarding the products they sell for amelioration of cold sores and herpes. Plaintiff Glaxosmithkline Consumer Healthcare, L.P. (GSK) sells Abreva while Defendant Merix Pharmaceutical Corp. (Merix) sells Releev.

This court action is ancillary to actions pending in two other districts. GSK filed a false advertising lawsuit in the District Court of New Jersey in February 2005 [1] under the Lanham Act [2] and New Jersey Consumer Fraud Act [3] seeking a preliminary and permanent injunction and damages. [4] The next month, Merix filed a complaint in the Northern District of Illinois under the Lanham Act and Illinois state law alleging GSK's false advertising of Abreva. [5] Both suits thus involve the efficacy of the parties' products.

---

[1] Memorandum in Support of Merix Pharmaceutical Corporation's Motion to Compel Discovery [*hereinafter* Supporting Memorandum], at iii, docket no. 23, filed Jan. 18, 2007.
[2] 15 U.S.C. § 1125(a).
[3] N.J. Stat. § 56:8-2.
[4] Supporting Memorandum at iii.
[5] GSK's Memorandum in Opposition to Merix's Motion to Compel Discovery from Dr. Spotswood L. Spruance [*hereinafter* GSK's Opposition] at v, docket no. 26, filed Jan. 31, 2007; Supporting Memorandum, at iv.

**Background on this Motion**

Merix seeks to depose Dr. Spotswood Spruance who "is a professor at the University of Utah and a prolific researcher in the field of herpes and cold sores. He has conducted studies of numerous cold sore remedies, including those manufactured by GSK."[6] He has also published widely and written letters on the subject. Merix claims "Dr. Spruance has stated emphatically in these publications and in private correspondence that Abreva is no more efficacious in treating cold sores than a placebo, i.e., that it does not work."[7] While Merix has the written documents, "Merix is seeking to ask Dr. Spruance about the factual basis for the prior statements made and the articles/comments he authored, which are directly relevant to GSK's affirmative claim for damages and Merix's defenses thereto."[8] Merix says it "is entitled to explore and develop the factual underpinnings of Dr. Spruance's relevant statements . . . ."[9]

This is not the first dispute between these parties about Dr. Spruance. Merix served its first subpoena on Dr. Spruance in March 2005 during what it claims was the preliminary injunction phase of the principal cases.[10] The subpoena sought production of documents and a deposition. In May 2005, Merix served GSK with a Notice of Deposition of Dr. Spruance.[11] On May 17, 2005, Merix filed a motion to compel discovery from the University of Utah,[12] and on May 20, 2005, a hearing was held in this court on Merix's motion to compel.[13] The Court permitted the deposition of Dr. Spruance, but limited the scope to "any facts, circumstances, nature and extent of any communications [which Ms. Squires had with] Dr. Spruance . . . with

---

[6] Supporting Memorandum at iii.
[7] *Id.* at iv.
[8] *Id.* at 2.
[9] *Id.* at 4.
[10] 2005 Subpoena dated Mar. 2005, attached as Exhibit S-3 to Third Party Dr. Spotswood L. Spruance's Memorandum in Opposition to Merix Pharmaceutical Corporation's Motion to Compel Discovery [*hereinafter* Spruance's Opposition], docket no. 30, filed Feb. 2, 2007, at 5; *see also* Supporting Memorandum at v.
[11] GSK's Opposition, at vii.
[12] Motion to Compel Discovery from University of Utah, docket no. 1, filed May 17, 2005.
[13] Spruance's Opposition at 5.

respect to RELEEV."[14]  This was consistent with an order entered the same day in the District of New Jersey.[15]  Dr. Spruance's deposition took place May 23, 2005.[16]

On May 17, 2006, Merix served its second subpoena for deposition on Dr. Spruance.[17] Merix did not have leave of court to depose Dr. Spruance again.  Merix gave notice that the deponent would be asked about:

> 1. Statements made by [Dr. Spruance] concerning the lack of efficacy of Abreva in treating cold sores.
>
> 2. Clinical and laboratory studies performed by [Dr. Spruance] concerning Abreva efficacy.[18]

GSK objected to this second subpoena.[19]  After several months, "Merix wrote to the Magistrate Judge in New Jersey and sought assistance regarding the dispute."[20]  That magistrate judge ruled that it was a matter to be dealt with by the Utah court.[21]  On January 18, 2007, Merix filed the instant motion to compel Dr. Spruance's deposition.[22]

## Issues Raised

Many issues are raised on this motion.  GSK and the University of Utah challenge the subpoena because:

- The deposition notice improperly seeks expert testimony in violation of Federal Rule of Civil Procedure 45(c)(3)(B)(ii);

- The proposed deposition places an undue burden on Dr. Spruance;

- The deposition testimony is not relevant;

---

[14] Transcript from May 20, 2005 Hearing at 9, lns. 6–15, attached as Exhibit S-2 to Spruance's Opposition; Spruance Exhibit S-4 at 5; New Jersey Order at 2 paragraph 3, attached as Exhibit S-5 to Spruance's Opposition; *see also* Notice of Entry of Magistrate Judge Nuffer's May 20th Order, docket no. 18, filed May 27, 2005.
[15] Docket no. 12, filed May 20. 2005.  A signed copy of the order is Exhibit F to the Declaration of James S. Richter, docket no. 24, filed January 18, 2007.
[16] GSK's Opposition at viii.
[17] Subpoena dated May 17, 2006, attached as Exhibit S-6 to Spruance's Opposition.
[18] *Id.* at 3.
[19] Supporting Memorandum at vii.
[20] *Id.*
[21] *Id.*
[22] Merix Pharmaceutical Corporation's Motion to Compel Discovery, docket no. 22, filed Jan. 18, 2007.

- The proposed deposition is inconsistent with this court's May 20, 2005, order regarding the first deposition; and

- Merix did not have leave of court to take Dr. Spruance's deposition a second time.

Another issue is presented because Merix claims that GSK lacks standing to oppose the motion to compel.

### GSK's Standing

Merix argues that GSK lacks standing to object to a third party subpoena.[23] This issue will not affect the Court's decision here because filings on behalf of the deponent have raised all the relevant issues. Further, in this case the parties have previously litigated a subpoena and notice of deposition as to Dr. Spruance, and the court's management powers extend to issues rooted in that order. Finally, the parties are advised that this magistrate judge believes that a party has standing to move for a protective order regarding any discovery in the case, including notices of deposition. If there is any limitation on a party's rights to move to quash a third-party subpoena it is not significant because the party has other similar rights.

### Limitations on Subpoena to Expert Witness

Federal Rule of Civil Procedure 45(c)(3)(B)(ii) authorizes a court to modify or quash a subpoena if it "[r]equires disclosure of an unretained expert's opinion or information not describing events or occurrences in dispute and resulting from the expert's study not made at the request of any party." The advisory committee note clarifies that the determination "should be informed by . . . the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony . . . ."[24] And in addition, the rule provides protection for "information" that is not part of the "events" in dispute.

---

[23] Merix Pharmaceutical Corporation's Reply Brief in Support of Merix Pharmaceutical Corporation's Motion to Compel Discovery [hereinafter "Reply"] at 6, docket no. 31, filed February 12, 2007.
[24] Fed. R. Civ. P. 45(c)(3)(B)(ii) advisory committee's note (citations and quotation marks omitted).

Merix asserts that the information being sought from Dr. Spruance relates to "events or occurrences in dispute" and that GSK's claim for damages is that event or occurrence.[25]  "Merix seeks to depose Dr. Spruance, not as an expert, but rather as a fact witness with information directly related to one aspect of GSK's affirmative claims for damages."[26]  Merix says it seeks Dr. Spruance's

> factual knowledge that Abreva does not work, which goes directly to the heart of one of GSK's claims and Merix's defenses -- namely, that Merix's alleged false advertising did not cause a decline in the sales of Abreva, rather it was GSK's own inadequate product that customers simply do not want to purchase again.[27]

Merix cites language from an anti-trust case permitting deposition of an author who made a conclusion about certain practices in the industry in dispute based on the author's participation as counsel in seven transactions in that industry.[28]  The court permitted the deposition because the attorney "has knowledge of *facts* central to the antitrust conspiracy that lies at the heart of plaintiffs' action . . . .'"[29]

GSK correctly distinguishes the cited case from the present one because the facts in the cited case were of "events that the non-party allegedly witnessed, not 'information resulting from his "study" as an expert.'"[30]  The author-witness in the cited case *observed the disputed facts* as a part of his work as a *participant* in the industry, not as a researcher.  The events he witnessed were the *substance* of the wrongful act alleged in the lawsuit, not the result of studies related to a fact in issue in the suit.  Dr. Spruance works as a researcher, not as a participant in the industry, and he cannot not describe events which constitute the substance of the lawsuit.  He can testify

---

[25] Supporting Memorandum at 1–2.
[26] Reply at ii.
[27] *Id.* at 4.
[28] GSK's Opposition at 3 (citing *In re Pub. Offering PLE Antitrust Litig.,* 233 F.R.D. 70, 72, 74 (D. Mass. 2006)).
[29] *Pub. Offering*, 233 F.R.D. at 74 (emphasis in original).
[30] GSK's Opposition at 3–4 (quoting *Pub. Offering*, 233 F.R.D. at 77–78*)*.

about facts helpful to Merix's theory of the case, but these came to his attention by his study independent of any party in the case.

GSK also argues that the deposition seeks facts Dr. Spruance apparently chose not to publish, and that "Dr. Spruance's decision not to publish them cannot be countermanded by Merix in the guise of a 'fact' deposition."[31]  This is entirely consistent with the intent of Rule 45. GSK also argues that Merix's attempt to retain Dr. Spruance for research of some of its cold sore products in 2001 demonstrates that Merix is seeking his testimony as an expert.[32]  This last point further shows the real purpose for which Merix seeks Dr. Spruance's testimony.  He is sought as an authority, based on his expertise and independent study, not as an observer of facts giving rise to liability.  Merix is not entitled to the deposition of Dr. Spruance, by the terms of Rule 45.[33]

## Undue Burden

This second subpoena is unduly burdensome, as Dr. Spruance contends.[34]  Because the studies were conducted nearly six years ago, Dr. Spruance will have to "expend significant time and effort re-reviewing his findings and conclusions."[35]  As Dr. Spruance also contends, allowing him to be deposed would put him "in the unenviable position of being caught between two conflicting pharmaceutical giants" and would likely compromise "the integrity of Dr. Spruance's intellectual property."[36]  Merix claims that it is just "a small family-owned micro company with only four employees."[37]  Nonetheless, this case file shows the resources and issues are of large proportions, and that the burden on Dr. Spruance would be significant.

---

[31] GSK's Opposition at. iii.
[32] *Id.* at ii–iii.
[33] Merix's Reply at 3 purports to cite an advisory committee's note to Fed. R. Civ. P. 45(c)(3)(B)(ii) which appears to actually be from part C45-23 of a Practice Commentary by David Siegel found on Westlaw.
[34] Spruance's Opposition at 13.
[35] *Id. See also* GSK's Opposition at 7–8.
[36] Spruance's Opposition at 14.
[37] Reply at 6, fn.2.

Merix argues that the proposed deposition presents no burden because the subpoena "does not seek any documents and has listed only two topics on which testimony is requested."[38] Furthermore, "Merix also offered to depose Dr. Spruance at his place of business at any time that is convenient for him."[39] This response does not effectively mitigate the burdens that the proposed deposition presents. The preparation would be very significant.

Dr. Spruance also points out that Merix possesses his published studies and the information surrounding the Federal Drug Administration's approval of Abreva, and there is nothing else Dr. Spruance could add in a deposition that does not draw upon his expert knowledge.[40] He claims that "[i]f all Merix is truly seeking are the 'facts' of Dr. Spruance's research, his published studies can provide these facts."[41] He also points out that Merix's expert reports already discuss his studies.[42] Discovery burdens are all relative to the expected benefit to the case, and in light of the materials already provided to Merix, Dr. Spruance's deposition would be an undue burden.

### Relevance

The rules permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . .   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . ."[43] Courts in this circuit construe this rule broadly.[44]

Dr. Spruance and GSK argue that any testimony Dr. Spruance can give is merely tangential if sought to support Merix's claim that low repeat sales is the real reason for GSK's

---

[38] Supporting Memorandum at 6.
[39] Reply Memorandum at 6.
[40] Spruance's Opposition at 12.
[41] *Id.* at 13.
[42] Exhibit S-8 at 2 to Spruance's Opposition; Exhibit S-10 at 2 to Spruance's Opposition.
[43] Fed R. Civ. P. 26(b)(1).
[44] *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Gohler v. Wood*, 162 F.R.D. 691, 694 (D. Utah 1995); *Jones v. Commander, Kansas Army Ammunitions Plant,* 146 F.R.D. 248, 250 (D. Kan. 1993).

low sales.[45] They argue that Merix should really be searching for direct evidence regarding consumer satisfaction and customer reasons for low repeat purchases rather than asking Dr. Spruance about his drug studies on animals—which relate to actual effectiveness.[46]

The magistrate judge agrees that the low relevance of the deposition testimony supports the finding that the burden of the deposition is excessive.

## Inconsistency with May 2005 Order

Dr. Spruance claims that what Merix is asking for now was requested in its May 2005 subpoena, and that the denial of that portion of the earlier motion to compel bars Merix from relief now.[47] Merix asserts that its previous subpoena and the court's order were framed in the limited preliminary injunction phase of the case.[48] Merix cites a similar case in which a court declined to invoke the law of the case doctrine with respect to a deposition ruling "made in the early stages of litigation before the issues of this case had been fully defined."[49] But the issues in this case were fully defined in May 2005, and "[t]his court's [May 2005] order speaks to "the New Jersey action" and not in terms of the preliminary injunction phase.[50] The cited case is inapplicable.

GSK also argues that Merix now seeks same information sought in the first subpoena.[51] The magistrate judge already stated the information sought was "far beyond that which would

---

[45] GSK's Opposition at iv; Spruance's Opposition at 13.
[46] GSK's Opposition at  iv; Spruance's Opposition at 13.
[47] Spruance's Opposition at 11–12.
[48] Supporting Memorandum at v–vi.
[49] Reply at iv (quoting *Pacific Employers Ins. Co. v. P.B. Hoidale Co* ,142 F.R.D. 171, 172-73 (D. Kan. 1992))*.
[50] Spruance's Opposition at 12.
[51] GSK's Opposition at i.

legitimately be discoverable in the New Jersey action"[52] and that it "placed too great a burden on Dr. Spruance, and could potentially compromise confidential information."[53]

The magistrate judge agrees that the issues presented are substantially those raised in May 2005, though better articulated in more extensive briefing.  The May 2005 order should prohibit this deposition.

### Failure to Appeal May 2005 Order

GSK argues that if Merix did not agree with the order of this Court regarding the first motion to compel, which severely limited the deposition of Dr. Spruance, its "remedy was to make a timely appeal to the District Court under Federal Rule of Civil Procedure 72(a)"[54] and in accordance with the Magistrate Judge's instruction.[55]  The magistrate judge was very clear that his decision regarding the scope of Dr. Spruance's deposition was independent of the New Jersey court's decision that same day, and that the magistrate judge would not revisit the issue.  GSK asserts that now that two years have passed, Merix "now bears the heavy burden imposed by the law-of-the-case doctrine . . . to show that (i) the May 2005 ruling was clearly erroneous, and (ii) adherence to the ruling would work manifest injustice," and that Merix is unable to make either showing.[56]  GSK argues that "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case."[57]

---

[52] Hearing Transcript, dated May 20, 2005, attached as Exhibit 1 at 9 to Declaration of Kenneth A. Plevan, docket no. 27, filed January 31, 2007.
[53] *Id.*
[54] GSK's Opposition at ii.
[55] Minute Entry, docket no. 13, filed May 20, 2005 ("If counsel would like further review of this ruling, they are to contact Judge Stewart's chambers.").
[56] GSK's Opposition at ii.
[57] *Wessel v. City of Albuquerque,* 463 F.3d 1138, 1143 (10th Cir. 2006) (quoting *Grigsby v. Barnhart,* 294 F.3d 1215, 1218 (10th Cir. 2002)); *see also* Fed. R. Civ. P. 72(a); *Cottman v. Aurora Pub. Schs.,* 85 F. App'x 83, 88 (10th Cir. 2003) (employee waived right to appeal denial of access to certain documents by failing to appeal magistrate judge's ruling within 10 days); *Niehaus v. Kan. Bar Ass'n,* 793 F.2d 1159, 1165 (10th Cir. 1986) ("By failing to file timely objections to the magistrate's discovery order, appellants . . . stripped the district court of its function of effectively reviewing the magistrate's order . . . .").

The issue on this motion is not precisely the same as that earlier presented, but Merix has done nothing to convince the court that any further deposition of Dr. Spruance is appropriate. More thorough expression of the arguments is presented on this motion than was presented in 2005, but even considering the evolved state of the case, there is nothing to change the burden on Dr. Spruance or the impropriety of the deposition as an imposition on an expert.

## Leave of Court and New Jersey District Court Permission

Leave of court is required if a "person to be examined by deposition already has been deposed in the case . . . ."[58] Merix claims it obtained leave of court in a New Jersey hearing in April 2006 when the district judge granted a motion to strike Merix's unclean hands defense. Merix claims the judge "expressly stated that his ruling would not preclude Merix from pursuing discovery relating to Abreva scientific studies, advertising, or other related discovery, provided such discovery was relevant to claims asserted by GSK in this case."[59]

GSK argues, however, and this Court agrees, that all Judge Debevoise said was that his holding on the unclean hands defense did not prevent Merix from taking relevant discovery.[60] Judge Debevoise made it clear that he did not know what discovery Merix was talking about, and nothing in the record provided on this motion shows that the judge was considering Dr. Spruance's second deposition. Merix's lack of leave of court is another reason to deny this motion to compel.

---

[58] Fed. R. Civ. P. 30(a)(2)(B).
[59] Supporting Memorandum at vii.
[60] GSK's Opposition at iv; Hearing Transcript, dated Apr. 4, 2006, attached as Exhibit G to Declaration of James S. Richter in Support of Motion to Compel, docket no. 24, filed Jan. 18, 2007.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[61] is DENIED.

Dated this 30th day of March 2007.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[61] Docket no. 22, filed Jan. 18, 2007.